965 F.2d 1065
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne CARTER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5143.
 United States Court of Appeals, Federal Circuit.
 April 21, 1992.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Wayne Carter appeals from the July 11, 1991, decision of the United States Claims Court, No. 477-89C, upholding the decision of the Secretary of the Navy which denied his request for an increase in his disability rating. We affirm.
 
 DISCUSSION
 
 2
 On August 31, 1985, Mr. Carter was separated from the Marine Corps with severance pay by reason of disability. The Navy Physical Evaluation Board found him to be permanently disabled with a disability rating of 20 percent.
 
 
 3
 On March 22, 1986, Mr. Carter petitioned the Board for the Correction of Naval Records (BCNR), seeking an adjustment in his record to reflect a disability rating of at least 30 percent. Under 10 U.S.C. § 1201 (1982), a rating of 30 percent or greater would place Mr. Carter on the permanent disability retirement list and entitle him to disability retirement pay rather than the single severance payment he received upon discharge. On April 2, 1987, the BCNR denied Mr. Carter's application for relief, determining that he was properly discharged for reason of physical disability rather than retired from service.
 
 
 4
 On September 1, 1989, Mr. Carter brought this action in the Claims Court, seeking reversal of the BCNR decision. After a thorough review of the record, the Claims Court issued a comprehensive opinion in which it held that the decision of the BCNR was not arbitrary, capricious, contrary to law or regulation, or unsupported by substantial evidence. See De Cicco v. United States, 677 F.2d 66, 70 (Ct.Cl.1982). We affirm on the basis of the Claims Court's opinion.